DAUKSCH, Judge,
dissenting:
I respectfully dissent. Petitioner seeks our writ of prohibition to enforce the Speedy Trial Rule, Florida Rules of Criminal Procedure 3.191. This petitioner was charged with Uttering a Forgery and on November 13,1978 demanded a speedy trial which required he be brought to trial within sixty days. Florida Rules of Criminal Procedure 3.191(a)(2).[1] The petitioner never filed a motion for continuance or in any way indicated his lack of readiness to go to trial and he was continuously available for trial. The state did not request a continuance.
On the morning of trial and after the jury selection had begun the trial judge took a recess in order to attend to other court business. The petitioner and his lawyer met in the jail together while the jury venire was sent out of the courtroom to wait in a hallway. At this time one of the prisoners in the courtroom ran out of the courtroom and had to be caught by court bailiffs after passing in view of the venire and running into a couple of the prospective jurors. Upon learning of this the trial judge on his own initiative dismissed the venire and, without consulting either the petitioner or the state, continued the trial.
When petitioner’s counsel returned to the courtroom he was told of the court’s actions and he immediately objected saying there was no showing the jurors had been prejudiced; he requested an inquiry of them; that a curative instruction would suffice; and a “fresh panel” was available in the jury room. The trial judge refused to abide by the wishes of the accused and the state, following the court’s suit, requested a continuance — after the court had continued the case on its own.
Under Florida Rules of Criminal Procedure 3.191(a)(2) the accused is entitled to be discharged if he is not brought to trial within 60 days of his demand for speedy trial. While he was not entitled to discharge on the January 3, 1979 trial date he was so entitled around January 13, 1979 or whenever 60 days from his November 13, 1978 demand was made. To me it is absolutely clear the court erred in not affording the petitioner his speedy trial. There is no provision of the rule and there are no appellate cases which would support the trial *1087 court and the majority decision here. The only provision of the speedy trial rule which even comes close is Florida Rules of Criminal Procedure 3.191(f)(iv) which says: the court may continue a trial beyond required trial time upon “a showing- by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial.” Not only was there no showing by either party of such a necessity there was not even an allegation of such by either party. The after-the-fact rather halfhearted concurrence by the state in the court’s order is hardly what the rule or justice requires.
To require this presumed innocent accused to sit in jail for another 30 days, or longer, while the court for insubstantial reasons requires an unrequested delay is a denial of justice. That’s bad, of course, but what makes it worse is the court had another ten days to try the petitioner and refused even to do that.
" This petitioner should be discharged.

. Speedy Trial Upon Demand. Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served. If such person is serving in Florida or elsewhere a sentence of imprisonment for an unrelated crime, the operation of this section shall not be effective until such person is no longer imprisoned and becomes available for trial, nor until such person has abandoned or waived further proceedings under § (b)(2) of this Rule if such have been initiated.